IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RIVER INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 901 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| KEYES2SAFETY, INC., THE McCLIER CORPORATION, DANIEL MUSTAPHA, and LARRY J. GIPSON, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is an action filed by James River Insurance Company seeking a declaration that it has no duty to defend or indemnify Keyes2Safety, Inc. ("K2S") or Daniel Mustapha with respect to a lawsuit filed by Larry Gipson in the Circuit Court of Cook County. The parties have cross-moved for summary judgment. For the reasons stated below, K2S's and Mustapha's motion for summary judgment is denied and James River's motion is granted.

**I.    Facts**

Background

The facts are generally undisputed. James River is an insurance company domiciled in Ohio and with its principal place of business in Virginia. (Pls. Local Rule 56.1(b)(3) Resp., Dkt. #32, ¶ 1)  K2S is a Michigan corporation with its principal place of business in Michigan. (*Id*. ¶ 2.)  Daniel Mustapha is a citizen of Wisconsin. (*Id*. ¶ 3.)  Subject matter jurisdiction exists for this diversity action under 28 U.S.C. § 1332(a)(1) and venue is proper in the Northern District of Illinois because a substantial portion of the events upon which the dispute is based occurred in this district. (*Id*. ¶¶ 4-5.)

The underlying action was filed in the Circuit Court of Cook County by Larry Gipson against The McClier Corporation, K2S and Daniel Mustapha alleging that Gipson was injured on the job when installing drywall at a construction site at Kennedy King College. (*Id*. ¶¶ 9, 11.) As is relevant here, Gipson's allegations state that McClier, the general contractor, entered into a contract with DMB Services/Cotton JV, Gipson's employer, for drywall work at the Kennedy King construction site. (*Id.* ¶¶ 10, 32, 36.) On February 21, 2007, Gipson was engaged in drywall installation at the Kennedy King College construction project when he fell from purportedly defective scaffolding and was injured. (*Id*. ¶ 14.)

Several months prior to Gipson's accident, McClier had entered into a contract with K2S to provide site safety at the Kennedy King construction site. (*Id*. ¶ 34.) K2S's responsibilities included, among other things, providing 8-hour safety service to observe compliance with safety requirements at the construction site, furnishing daily reports of the safety condition of the site and ensuring compliance with all federal, state and local safety requirements. (*Id.* ¶ 35.) K2S hired Mustapha to work at the Kennedy King construction site. (*Id*. ¶ 37.) The underlying action alleges that K2S and Mustapha, among others, were negligent in various ways causing Gipson's injuries (*Id*. ¶¶ 15-16.)

Insurance Policy

James River issued commercial general liability insurance policy number 00012730-1 to K2S effective November 3, 2006, to November 3, 2007. (*Id*. ¶17.) The policy includes coverage for "bodily injury", "property damage", and "personal and advertising injury." (*Id*. ¶ 19.) Among others, the policy contains an exclusion titled "Injury to Independent Contractors and Subcontractors-Exclusion," which states that "[t]his insurance does not apply to 'bodily injury',

2

'personal and advertising injury' or 'property damage' sustained by any independent contractor/subcontractor, or any employee, "leased worker", "temporary worker" or volunteer to help of same." (*Id.* ¶ 24.)

## II. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Thus, in order to withstand a motion for summary judgment, the nonmoving party must show that a dispute about a genuine issue of material fact exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party may not merely rest upon the allegations or details in his pleading, but instead, must set forth specific facts showing there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248. To succeed on a summary judgment motion, the evidence must be such "that [no] reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S at 248. In Illinois, the interpretation of an insurance policy is a question of law that is appropriately resolved by summary judgment. *River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1169 (7th Cir. 1998).

## III. Analysis

### A. Choice of Law

The parties dispute which state's law applies. James River contends that Illinois law applies while K2S and Mustapha assert that Michigan law applies. According to the Seventh Circuit, "before entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states." *Barron v.*

*Ford Motor Co.*, 965 F.2d 195, 197 (7th Cir. 1992). Similarly, the Illinois Supreme Court has stressed that "[a] choice of law determination is required only when a difference in law will make a difference in the outcome." *Townsend v. Sears Roebuck & Co.*, 879 N.E.2d 893, 898 (Ill. 2007). "Where there is no disagreement among the contact states, the law of the forum state applies." *Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir. 1994). Here, the parties do not indicate that an actual conflict exists. Therefore, the Court will apply Illinois law.

B. <u>Duty to Defend and Indemnify</u>

"The insurer's duty to defend its insured arises from the undertaking to defend as stated in the contract of insurance." *Zurich Ins. Co. v. Raymark Indus., Inc.*, 514 N.E.2d 150, 161 (Ill. 1987). Thus, "[t]he extent of an insurer's duty to defend is determined by the language in the contract/policy." *Lifschultz Fast Freight, Inc. v. Transcontinental Freight Sys., Inc.*, No. 91 C 688, 1993 WL 787511, at *4 (N.D. Ill. Aug. 24, 1993). When the terms of the policy are clear, courts should ascertain the intent of the parties solely from the language of the policy. *La Salle Nat'l Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 144 (7th Cir. 1996). If the language of the policy is ambiguous, it must be interpreted against the insurer. *Travelers Ins. Co. v. Eljer Mfg., Inc.*, 757 N.E.2d 481, 491 (Ill. 2001).

Under Illinois law, an insurer has an obligation to defend its insured in an underlying lawsuit if the complaint in the underlying lawsuit alleges facts potentially within the coverage of the insurance policy, even if the allegations are groundless, false or fraudulent. *BASF AG v. Great Am. Assur. Co.*, 522 F.3d 813, 819 (7th Cir. 2008). "[A]n insurer may justifiably refuse to defend only where it is apparent from such a comparison that the allegations fail to state any claim within, or potentially within, the scope of policy coverage." *Int'l Minerals & Chem. Corp.*

4

*v. Liberty Mut. Ins. Co.*, 522 N.E.2d 758, 762 (Ill. App. Ct. 1988). Additionally, if the insurer relies on an exclusionary provision it must be "clear and free from doubt that the policy's exclusion prevents coverage." *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992). So long as the exclusions are not prohibited by statute or public policy, an insurer can include any number of them to limit its liability and obligations to the insured. *See Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 462 (7th Cir. 1997). Finally, if the insurer does not have the duty to defend, it also does not have the duty to indemnify. *See Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1081 (Ill. 1993) (holding that without the duty to defend, there can be no duty to indemnify).

James River contends that the Injury to Independent Contractors and Subcontractors Exclusion applies to exclude coverage to K2S and Mustapha under the policy. The parties agree that the underlying complaint alleges that Gipson was an employee of DMB Services and that DMB was a subcontractor working at the Kennedy King construction site. Therefore, under the plain terms of the policy, the injury at issue is excluded from coverage.

K2S and Mustapha argue that this interpretation renders the bodily injury coverage meaningless because "[i]ndependent contractors, subcontractors, and their employees are essentially the only individuals present on a construction site." (Defs.' Reply, Dkt #33, at 10, PageID #638.) If there is no coverage to K2S and Mustapha for these individuals, they state, then the "bodily injury" insurance coverage is illusory. However, as James River notes, coverage would exist for any individual who was not an independent contractor, subcontractor or employee of same. "The policy need not provide coverage against all possible liabilities; if it provides coverage against some, the policy is not illusory." *Nicor, Inc. v. Assoc. Elec. & Gas Ins. Servs.*

*Ltd.*, 841 N.E.2d 78, 86 (Ill. App. Ct. 2005).

While James River's reference to this Court's decision in *Atlantic Cas. Ins. Co. v. Alanis Dev. Corp.*, No. 09 C 6657, 2011 WL 250320 (N.D. Ill. Jan. 25, 2011), is not directly on point, it is instructive. In *Alanis*, this Court addressed the applicability of a similar exclusion to the one at issue here. Specifically, that exclusion provided that the insurance policy did not apply to bodily injury to any contractor for which any insured may become liable and defined contractor to include "any independent contractor or subcontractor of any insured, any general contractor, any developer, any property owner, . . . and any and all persons working for or providing services and or materials of any kind for these persons . . . ." *Alanis Dev. Corp.*, No. 09 C 6657, 2011 WL 250320, at *1. Upon visiting a property while it was being renovated by Alanis, the property owner fell through the floor and injured himself. *Id*. at *1. The Court concluded that because it was undisputed that the injured party was the property owner, the exclusion applied to eliminate coverage. *Id*. at *2.

Notably, the Court rejected Alanis' argument that because the property owner was not "working for or providing services" on the property, the exclusion did not apply. As the Court stated, "it is clear from the plain language of the exclusion that the modifier broadens its applicability rather than narrows it." *Id*. Relying on the plain language of the exclusion, this Court denied coverage. The same approach applies here. K2S and Mustapha's attempt to distinguish *Alanis* on the ground that "[t]he relationship between the owner and contractor was clearly vertical," (*see* Defs. Reply, Dkt #33, at 12, PageID #640), is unavailing. This Court never mentioned verticality in *Alanis*; it simply interpreted the plain language of the exclusion.

Moreover, K2S and Mustapha's attempt to appeal to what the exclusion in this case "must

6

have meant," *i.e.*, that it applied only to independent contractors and subcontractors of K2S and not *any* independent contractor or subcontractor, is unpersuasive in light of the Seventh Circuit's direction that where terms of an insurance policy are clear and unambiguous, they must be applied as written. *BASF*, 522 F.3d at 819. As to this point, it is important to note that had K2S wanted, it could have amended the language of the exclusion to expressly state what K2S says it means. Indeed, the relevant exclusion in *Alanis* explicitly stated that "any independent contractor or subcontractor *of any insured* . . . ." *Alanis Dev. Corp.*, No. 09 C 6657, 2011 WL 250320, at *1 (emphasis added). In the absence of similarly qualifying language, coverage under these facts is excluded.

## IV.  Conclusion

Because the Court concludes that the Injury to Independent Contractors and Subcontractors exclusion applies, it need not address the applicability of the other exclusions. James River's motion for summary judgment as to K2S and Mustapha [30-1] is granted and K2S and Mustapha's cross-motion for summary judgment [27-1] is denied. The court declares that James River Insurance Company has no duty to defend or indemnify K2S or Mustapha under the policy in connection with the previously described underlying action by Gipson.

The McClier Corporation filed a stipulation to be bound by the judgment in this case and has been dismissed without prejudice. (Dkt. #45.) In addition, an order of default judgment has been entered against Gipson. (Dkt. #43.) Because this order disposes of all claims as to all parties, the clerk is directed to enter a Rule 58 judgment and terminate the case from the Court's docket.

**Date**: July 24, 2012                                   _____
                                                                                **Ronald A. Guzman**
                                                                                **United States District Judge**